

**UNITED STATES DISTRICT COURT**
**DISTRICT OF NEW JERSEY**

MARTIN LUTHER KING JR. FEDERAL BLDG. & U.S. COURTHOUSE
50 WALNUT STREET, P.O. BOX 419
NEWARK, NJ  07101-0419
**(973) 645-6340**

**WILLIAM J. MARTINI**
    **JUDGE**

# LETTER OPINION

December 21, 2007

Thomas J. Mallon
86 Court Street
Freehold, NJ 07728
    (*Attorney for Plaintiff*)

Lori A. Dvorak
Dvorak & Associates, LLC
390 George Street, 8th Floor
New Brunswick, NJ 089012
    (*Attorney for Defendants Township of Old Bridge & G. Morris*)

Philip G. George
Eric M. Bernstein & Associates, LLC
Two North Road
P.O. Box 4922
Warren, NJ 07059
    (*Attorney for Defendant Trevor Haughney*)

    Re:    *Buber v. Township of Old Bridge, et al.*
             Civil Action No. 06-2301 (WJM)

Dear Litigants:

    This matter comes before the Court on Defendants' motions for summary judgment pursuant to Fed. R. Civ. P. 56.  There was no oral argument.  Fed. R. Civ. P. 78.  For the reasons set forth below, Defendants' motions for summary judgment are granted in part and denied in part.

**I.**    **BACKGROUND**

On the evening of September 30, 2005, the plaintiff, Robert Buber, likely suffering from a paranoid episode,[1] drove to the home of his neighbor and friend, Donna Stan, and proceeded to bang on her door and yell for her husband. He also yelled that "people" were after him and that he wanted her to call the police. He was covered in green paint. In response, Stan called 911, and said that she was uncomfortable with letting Buber into her home since she was home alone. She also explained her concerns that Buber was mentally unsound and that he had been "on medication." The 911 operator dispatched police officer Trevor Haughney.

Haughney arrived at Stan's home and encountered Buber. It is clear that Haughney attempted to restrain and arrest Buber, and that Buber initially resisted arrest. The accounts of the ensuing struggle to restrain and arrest Buber, however, are in dispute. Buber claims that he was repeatedly punched in the face by Haughney and G. Morris, who later arrived on the scene to support Haughney, both before and after he was placed in handcuffs. Haughney and Morris recount a different set of events. They state that although they struggled to wrestle Buber to the ground, they never punched or kicked Buber. They surmise that during their attempts to restrain and handcuff Buber, he was likely injured by hitting a lawn ornament on the ground.

Stan witnessed some of the interaction between Buber and the police officers from her porch. She stated that she never saw the police officers punch or kick Buber during the course of his restraint and arrest. Stan, however, did not witness the entire incident as she was occupied inside her home for a number of minutes.

Regardless of the cause of Buber's injuries, there is no dispute that Buber sustained injuries during his encounter with the police officers. An ambulance was called after the arrest, and Buber was treated for a fractured jaw and received stitches in one eye. Buber was arrested for and later pled guilty to disorderly conduct.

Buber filed this civil rights action on May 19, 2006. Buber seeks damages for the injuries that he sustained during his arrest. Defendants' motions for summary judgment are now before the Court.

## II.     DISCUSSION

### A.     Summary Judgment Standard

A court should grant summary judgment only "if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that

---

[1] It is undisputed that Buber is mentally ill and suffers from bi-polar disorder.

there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(c). The burden of showing that no genuine issue of material fact exists rests initially on the moving party. *See Celotex Corp. v. Catrett*, 477 U.S. 317, 323 (1986). A litigant may discharge this burden by exposing "the absence of evidence to support the nonmoving party's case." *Id.* at 325. In evaluating a summary judgment motion, a court must view all evidence in the light most favorable to the non-moving party. *See Matsushita Elec. Indus. Co., Ltd. v. Zenith Radio Corp.*, 475 U.S. 574, 587 (1986); *Goodman v. Mead Johnson & Co.*, 534 F.2d 566, 573 (3d Cir. 1976).

Once the moving party has made a properly supported motion for summary judgment, the burden shifts to the non-moving party to "set forth specific facts showing that there is a genuine issue for trial." Fed. R. Civ. P. 56(e); *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 247-48 (1986). The substantive law determines which facts are material. *Id.* at 248. "Only disputes over facts that might affect the outcome of the suit under the governing law will properly preclude the entry of summary judgment." *Id.*

### B.  **Defendants' Motions for Summary Judgment**

As an initial matter, the Court notes that Plaintiff has conceded to the dismissal of all claims involving the Township of Old Bridge, and several claims involving officers Haughney and Morris. (Pl.'s Br. iv.) Therefore, the Court will dismiss all counts against the Township of Old Bridge, and Counts Two and Seven against Haughney and Morris.

Plaintiff maintains the following claims against defendants Haughney and Morris: (1) excessive force, (2) assault and battery, and (3) intentional and/or negligent infliction of emotional distress. Defendants Haughney and Morris argue that summary judgment should be granted as to these claims because: (1) the police officers' physical coercion of Plaintiff, in order to restrain and arrest Plaintiff, was objectively reasonable in light of the factual circumstances, and thus, there was no excessive use of force; (2) the police officers are entitled to both qualified immunity and good faith immunity under N.J.S.A. 59:3-3; (3) as Plaintiff's excessive force claim fails, there can be no claim for assault and battery; (4) Plaintiff has failed to establish that his emotional distress was severe; and (5) Plaintiff failed to establish a loss of a bodily function that is substantial as required under N.J.S.A. 59:9-2(d), and thus, Plaintiff cannot claim pain and suffering damages. The Court will address these arguments in turn.

#### 1.  *Excessive Force*

The force used by a police officer in effectuating an arrest must be reasonable. *See Groman v. Township of Manalapan*, 47 F.3d 628, 633 (3d Cir. 1995). A police officer's use of force violates the Fourth Amendment where it is "excessive under objective standards of

reasonableness." *Saucier v. Katz*, 533 U.S. 194, 202 (2001).  Reasonableness is evaluated from the perspective of a reasonable officer on the scene without the benefit of hindsight. *See Graham v. Connor*, 490 U.S. 386, 396-97 (1989).  In assessing reasonableness, this Court must consider the factors of each individual case, including: the severity of the crime; what immediate threat the suspect poses to the officers or others; whether the suspect is actively evading or resisting arrest; the duration of action; whether the force is being used to bring about an arrest; the possibility that the suspect may be armed; and the number of persons being managed at one time.  *See id.* at 396; *Sharrar v. Felsing*, 128 F.3d 810, 822 (3d Cir. 1997). The proper application of this test requires careful attention to the facts and circumstances of each particular case.  *Graham*, 490 U.S. at 396.

      Without commenting on the relative weight of Plaintiff's evidence, the Court finds that Plaintiff's version of the facts could support a claim of excessive force.  A jury could find that the police officers' actions in punching Plaintiff after he was placed in handcuffs were objectively unreasonable in effectuating his restraint and arrest.  Although the police officers claim that they never punched or kicked Plaintiff and that the injuries sustained by Plaintiff were inadvertently caused by his struggles on the ground,[2] these differing accounts require an assessment of credibility.  Furthermore, Stan's corroboration of the police officers' accounts is subject to the same assessment of credibility, and additionally suffers from the fact that she only witnessed periods of the interaction between Plaintiff and the police officers–neither proving nor disproving the material facts in dispute.

      The police officers' reliance on the recent Supreme Court case *Scott v. Harris*, 127 S.Ct. 1769, 1776, 167 L.Ed. 2d 687 (2007), is misguided.  In *Scott*, the Court found that a plaintiff's affidavit setting forth a version of facts contradicted by a videotape capturing the material facts of the incident was not sufficient to deny summary judgment.  *Id*.  Although Defendants have attached the 911 call and radio transmissions relating to this incident, these audio recordings fail to refute, or establish, Plaintiff's claims.  They do establish certain immaterial facts, which this Court has relied upon in stating the facts of this case. The audio recordings, however, are inconclusive on the material facts in dispute–whether Plaintiff was repeatedly punched by the police officers.  Thus, this Court cannot rely on the police officers' accounts merely because of the existence of an undisputed record documenting certain irrelevant facts.  This is not an instance, as was in *Scott*, where the entire arrest was recorded by video, and the video failed to demonstrate that Plaintiff had been punched or kicked as alleged.

---

[2] The officers suggest that Plaintiff injured himself while his face was pushed against the top of a snail-shaped lawn ornament.  Stan stated that there was blood "all over" the lawn ornament.  (Stan Dep. 76.)

In fact, Defendants Haughney and Morris do not argue that if the Court accepts Plaintiff's version of the facts, they would still be immune from claims of excessive force and assault and battery.  Rather, Defendants Haughney and Morris assert that Plaintiff's version of facts could not be true based upon the accounts of other people.  This type of assessment is the very kind of fact determination that cannot be decided on a motion for summary judgment. As these facts are essential to refuting a claim of excessive force, the Court finds that there are issues of material fact in dispute with regards to these claims.  *See e.g.*, *Groman*, 47 F.3d at 633 (reversing summary judgment on an excessive force claim were testimonies by the plaintiff and police officers differed).

2. *Qualified and Good Faith Immunity*

In examining whether the police officers are entitled to qualified immunity, the Court must first inquire whether the defendants violated a constitutional right, and then, assess whether this right was clearly established in light of the specific context of the case.  *See Scott*, 127 S. Ct. at 1774.  As discussed earlier, the Court, bound by the procedural posture of this motion, finds that the police officers' actions, as recounted by Plaintiff, could constitute excessive force.  At the least, whether Plaintiff was punched while in handcuffs is an issue of material fact that bears upon the constitutionality of the police officers' actions.

Having determined that Defendants Haughney and Morris could have violated Plaintiff's constitutional rights, the Court must consider whether these rights in this specific context were clearly established.  This inquiry focuses on whether a reasonable officer would have known that his conduct was unlawful under the specific circumstances that he faced.  *See Saucier*, 533 U.S. at 202.  Police officers may continue to be protected from liability if they held reasonable mistakes as to what the law required.  *Id*.  The Court, in viewing the facts in favor of the non-moving party, finds that a reasonable officer would have known that punching a man in handcuffs would have been excessive under the circumstances in this case.  Thus, qualified immunity will be denied at this time.

Good faith immunity pursuant to N.J.S.A. 59:3-3 relies on a similar test of objective reasonableness or a test of subjective good faith.  *See Alston v. City of Camden*, 168 N.J. 170, 186 (2001).  As the Court has found that Plaintiff's version of the facts describe an unreasonable use of force and further finds that the use of force was subjectively unreasonable based on the circumstances as described by Plaintiff, good faith immunity is also denied to Defendants Haughney and Morris at this time.

3. *Assault & Battery*

5

Defendants' argument for summary judgment on the assault and battery claim is simple. They reason that because there was no use of excessive force, there can be no assault and battery. As stated above, there is an issue of material fact whether there was excessive force used by the police officers. Thus, summary judgment will similarly be denied on this claim.

### 4. *Emotional Distress*

To claim the intentional and negligent infliction of emotional distress, a plaintiff must establish that his resulting emotional distress was severe. *Buckley v. Trenton Saving Fund Soc.*, 111 N.J. 355, 366 (1988). Plaintiff in his deposition recounted that he experienced "some distress," but that he failed to seek any diagnosis or treatment for the distress caused by the police officers' actions. (Buber Dep. 116-7.) The Court finds that Plaintiff has not met his burden of establishing that his emotional distress was severe, and therefore, this claim will be dismissed. *See e.g.*, *Fregara v. Jet Aviation*, 764 F. Supp. 940, 957 (D.N.J. 1991)(granting summary judgment to the defendants when the plaintiff failed to provide proof of suffering severe emotional distress).

### 5. *Pain and Suffering Damages*

Plaintiff seeks damages for pain and suffering in the Complaint. (Pl.'s Compl. ¶ 40.) N.J.S.A. 59:9-2(d) requires that a plaintiff seeking pain and suffering damages against a public entity or public employee must show that: (1) he suffered an objective permanent injury constituting $3,600 in medical treatment expenses, and (2) he suffered a permanent loss of a substantial bodily function. *See Knowles v. Mantua Twp. Soccer Ass'n*, 176 N.J. 324, 332-33 (2003). Plaintiff stated in his deposition that his injuries – a loose tooth that causes a clicking noise in his jaw, but does not cause him pain – do not "bother [him] that much. Only once in a while. It's something [he] live[s] with. That's all." (Buber Dep. 104-8.) The Court finds that such symptoms are insufficient to show that he suffered a permanent loss of a bodily function that is substantial. Thus, to the extent that Plaintiff seeks damages for pain and suffering, those damages are barred.

## III. CONCLUSION

After consideration of the parties' submissions, the Court will **grant Defendants'** motions for summary judgment except with respect to Counts One and Five against Defendants Haughney and Morris.

                                            s/William J. Martini
                                            **William J. Martini, U.S.D.J.**